**UNITED STATES of America,
Appellee,**

v.

**Patrick Lee MURPHY, Appellant.**

**No. 74-2432.**

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1974.

Rehearing Denied Dec. 11, 1974.

Certiorari Denied March 24, 1975.
See 95 S.Ct. 1433.

**530**

Donald B. Marks, Beverly Hills, Cal., for appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before LUMBARD,* ELY, and WRIGHT, Circuit Judges.

## OPINION

PER CURIAM:

Murphy was convicted of possession of goods stolen in interstate commerce, a violation of 18 U.S.C. § 659. The evidence established that large amounts of stolen goods were discovered in a trailer located in a warehouse in Orange, California. The warehouse was under lease to Murphy. Murphy contends that the trial court erred in denying his motion to suppress evidence discovered by officers in their search of the warehouse.

█ Murphy concedes that his employee, one Tucker, consented to the search of the warehouse but claims that this consent was not voluntary. Applying the "totality of all the circumstances" test of Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), we hold that Tucker's consent to the search was freely and voluntarily given. Prior cases in which our court has found that consent to search was involuntary have involved circumstances much more coercive than those found to exist in this case. *See* United States vs. Rothman, 492 F.2d 1260 (9th Cir. 1973); Channel vs. United States, 285 F.2d 217 (9th Cir. 1960).

█ Alternatively, Murphy argues that Tucker lacked the authority to con-

sent to the search. It is pointed out that Tucker had no status as a lessee of the warehouse and was given the key to the warehouse by Murphy only on occasions when Tucker was to perform work on the premises. In considering all of the circumstances surrounding the search, we attribute special significance to the fact that Murphy delivered the key to Tucker. We conclude that Tucker's custody of the key gave him sufficient dominion over the premises to enable him to grant the necessary consent. Since Murphy himself put the premises under the immediate and complete control of Tucker, who voluntarily consented to the search, we hold that the search was not unreasonable. *See* Gurleski vs. United States, 405 F.2d 253, 260–263 (5th Cir. 1968), cert. denied, 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1969); United States vs. Eldridge, 302 F.2d 463 (4th Cir. 1962).

Affirmed.