**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Manoon GULMA, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sukit APICHATTHAM, Defendant-Appellant.**

**Nos. 76–3188 and 76–3395.**

United States Court of Appeals, Ninth Circuit.

Sept. 23, 1977.

Rudolf A. Diaz, Deputy Federal Public Defender, Herbert Weit, Los Angeles, Cal., (argued), for defendants-appellants.

Anstruther Davidson, Asst. U. S. Atty., Los Angeles, Cal. (argued), for plaintiff-appellee.

Before WRIGHT and KENNEDY, Circuit Judges, and McNICHOLS,* District Judge.

KENNEDY, Circuit Judge:

Sukit Apichattham and Manoon Gulma, the appellants here, were each indicted on one count of conspiracy to distribute heroin, a violation of 21 U.S.C. § 846, and on one count of possession of heroin with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Gulma was indicted on a third count for unlawfully carrying a firearm during the commission of a felony, but as to that matter the trial court granted a motion for acquittal before the case was submitted to the jury.

The jury found Apichattham guilty on both the conspiracy and the possession charges, and it found Gulma guilty on the conspiracy count only. On appeal, appellants argue principally that the trial court erred in denying their motions to suppress incriminating evidence. They also contend that they were prejudiced by the jury's seeing exhibits in the courtroom that were

* Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

not admitted in evidence, that there was insufficient evidence, and that the trial court erred in various rulings during the course of the proceedings. For the reasons set forth below, we reject the above contentions and affirm the convictions.

Apichattham and Gulma's major contention on this appeal is that a quantity of heroin was discovered by an illegal search and that the district court erred in denying their motion to suppress. The Government contends there was a valid consent for the warrantless search. The facts, considered in favor of the Government, *United States v. Glover*, 514 F.2d 390, 391 (9th Cir. 1975), show the following.

Undercover agent Jackson of the Drug Enforcement Administration (DEA) negotiated a heroin transaction with a man named Bang, who was a confederate of the defendants.[1] Bang told Jackson that the heroin was ready to be picked up in Room 207 of an undisclosed motel. Bang agreed to give Jackson the key to the motel room when Jackson paid the purchase money. Bang was later arrested and a key, numbered 207, was found on his person. En route to the DEA office, Bang gave the DEA agents the address of the motel. The DEA agents asked whether they could search the room. Bang responded that he had never been there but that he had no objections to the search. At the DEA headquarters, Bang further informed the agents that the room was not his. The agents apparently replied that since he was in possession of the key, he nevertheless had the authority to consent to a search. Bang then signed a formal consent form permitting the DEA to search the room. The search was performed and incriminating evidence was discovered.

Appellants argue that Bang had no authority to consent to entry by the officers and that the warrantless search of the motel room was therefore illegal. It is well established that a warrantless search will pass constitutional scrutiny if the Government can show that permission to search was voluntarily granted by a person "who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). The common authority justifying the consent need only rest "on mutual use of the property by persons having joint access or control for most purposes . . . ." *Id.* n.7.

Bang testified that Apichattham had given him no instructions other than to deliver the key to Jackson in exchange for the money, but under all of the circumstances of the case we find that Bang's relationship to the premises and his control over the contraband secreted there were sufficient for him to consent to the search. Special significance may be attributed to Apichattham's having entrusted the motel room key to Bang. *United States v. Murphy*, 506 F.2d 529 (9th Cir. 1974). *See also United States v. Green*, 523 F.2d 968, 970–71 (9th Cir. 1975); *United States v. Gradowski*, 502 F.2d 563 (7th Cir. 1974). Further, counsel for both Gulma and Apichattham conceded at oral argument before this court that the necessary inference from the evidence was that the only apparent purpose for renting the motel room was to deposit the heroin until it was secured by a purchaser. It was admitted that after Apichattham relinquished control of the key, he did not intend to get it back. Nor did he intend ever to return to the motel room. Therefore, Bang was given complete control over the room for the only purpose which it served, to store and dispose of the heroin. Finally, it is noteworthy that Apichattham had had no personal contact with undercover agent Jackson, to whom Bang was to deliver the key. The identity of the buyer was immaterial to Apichattham. Bang had sufficient control over the motel room and the heroin it contained that his confederates assumed the risk that Bang might consent to a search of the room. *United States v.*

---

1. Bang subsequently pleaded guilty to conspiring with appellants to possess heroin with intent to distribute.

*Matlock*, 415 U.S. at 171 & n.7, 94 S.Ct. 988; *United States v. Canada*, 527 F.2d 1374, 1379 (9th Cir. 1975). And there is no evidence that consent to the search was coerced. We conclude that the search of the motel room that led to the discovery of the heroin was not invalid and that the trial court properly admitted the heroin into evidence.[2]

■ Appellants next argue that evidence seized from the green Datsun that they were driving when arrested was unlawfully seized because the arrest was without probable cause. We reject this contention. The DEA agents were in possession of substantial evidence from surveillance agents and from undercover agent Jackson that appellants were connected with Bang in the sale of narcotics. Bang had indicated to agent Jackson that he was an agent for others and that his principals were Thai. On one occasion, Bang was observed in Apichattham's apartment. Furthermore, Gulma and Apichattham were observed behaving suspiciously in the vicinity of the place where Bang and Jackson conducted their meetings. During Bang and Jackson's last meeting, Gulma walked by and looked into the car in which Jackson and Bang were sitting. Gulma then joined Apichattham in the Datsun. The Datsun was observed by surveillance cars and by helicopter to be driving erratically, making circles, U-turns, and frequent stops in the middle of the street. Bang's statements, coupled with Gulma's and Apichattham's observed connection with Bang and with the drug sale negotiations, were sufficient to give the agents probable cause to believe that Apichattham and Gulma were Bang's principals and were in control of substantial quantities of heroin. The arrest was lawful. The trial court could properly rule that the immediate search of the automobile upon appellants' arrest was justified by exigent circumstances. *Chambers v. Maroney*, 399 U.S. 42, 51–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 153–54, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The district court therefore did not err in denying appellants' motion to suppress.[3]

■ Appellants next argue that their convictions should be reversed because a gun, a holster, and the clip of ammunition found in the Datsun, which were relevant to the third count against Gulma, were seen by the jury on the prosecution's counsel table during the trial. None of these exhibits was admitted into evidence at trial. The third count against Gulma was dismissed on the fourth day of the trial because of insufficient evidence. Thereafter, the court denied Gulma's motion for a mistrial based on the alleged prejudicial effect of the jury's viewing the gun and of hearing testimony concerning Gulma's possession of a gun.

We note at the outset that the evidence relevant to the conviction of appellants on the drug charges was clearly distinct from the weapon. Furthermore, both at the time Gulma's motion for judgment of acquittal on the third count was granted and during the course of the instructions to the jury, the court admonished the jury to disregard any testimony or evidence pertaining to the

2. Apichattham also contends that the heroin discovered in the motel room should have been suppressed because the address of the motel was discovered on a piece of yellow paper illegally seized from a parked Volkswagen. The contention is without substance. While the court did exclude the slip of paper from evidence, it was careful to inquire whether the agents obtained the address of the motel from Bang before or after they obtained the information written on the slip of paper. Implicit in the court's determination of the motion to suppress is the conclusion that the evidence was not tainted by the illegal seizure of the slip of paper and that the address of the motel had been obtained independently from Bang. That finding is not clearly erroneous. *United States v. Hart*, 546 F.2d 798, 801–02 (9th Cir. 1976) (en banc).

3. Of the items seized during the search of the Datsun, only a black leather case, which the prosecution sought to connect to defendant Gulma, was introduced into evidence. We note that even if the court's ruling had been in error, admission of the bag into evidence would have been harmless error beyond a reasonable doubt in light of the ample evidence of appellants' guilt. Fed.R. Crim.P. 52(a); *United States v. Valle-Valdez*, 554 F.2d 911, 914–16 (9th Cir. 1977).

gun.[4] The admonitions of the court to the jury were quite sufficient in this case to cure any possible prejudice. *See United States v. Wood*, 550 F.2d 435, 442 (9th Cir. 1976).

 Apichattham argues that the trial court erred in denying his motion for severance on the ground that the additional firearms count against Gulma prejudiced his case. The granting of relief from prejudicial joinder under Federal Rule of Criminal Procedure 14 is a matter largely within the discretion of the trial judge, and reversal is proper only if there is abuse of discretion. *United States v. Marshall*, 532 F.2d 1279, 1282 (9th Cir. 1976). "The ultimate question is whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon the defendant's own acts, statements and conduct." *United States v. Campanale*, 518 F.2d 352, 359 (9th Cir. 1975). As in *Campanale*, the jury did in fact distinguish between the defendants, finding Apichattham guilty of conspiracy and of possession with intent to distribute, while finding Gulma guilty of conspiracy only. Under the circumstances, it cannot be said that the court abused its discretion in denying severance.

 There is no substance to Apichattham's claim that the evidence was insufficient to support his conviction for possession with intent to distribute. Viewed in the light most favorable to the Government, *United States v. Ramirez-Rodriguez*, 552 F.2d 883, 884 (9th Cir. 1977), the evidence against Apichattham was sufficient to withstand a motion for a judgment of acquittal. *United States v. Payne*, 467 F.2d 828, 830 (5th Cir. 1973).

Appellant Gulma's claim that the trial court violated his fifth amendment privilege against self-incrimination by asking counsel for time estimates in the presence of the jury is wholly without merit, and is indeed frivolous.

The judgments of conviction are AFFIRMED.

---

4. This is not an instance where unadmitted exhibits were provided for consideration to the jury during their deliberations. *Compare United States v. Marx*, 485 F.2d 1179 (10th Cir. 1973).