**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Lee DEAL, Defendant–Appellant.**

**No. 91–2407.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1992.

Roland E. Dahlin, Federal Public Defender, Dola Young, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, D.R. Millard, III, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, HIGGINBOTHAM and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Thomas Lee Deal ("Deal") went on a crime spree in the Houston, Texas area, committing six armed robberies of various banks during the period of January through April 1990. In each robbery he used a gun. When caught, he was indicted in a 13 count superseding indictment with six counts of bank robbery involving offenses under 18 U.S.C. § 2113(a) and (d); six counts involving use of a deadly weapon during a crime of violence in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The jury found Deal guilty on all counts. The probation office considered the six counts of 18 U.S.C. § 924(c) as six separate convictions and applied the statutory enhancement which raises the penalty from five years to twenty years per count for each of the "second or subsequent" convictions. This resulted in a sentence recommendation of 105 years on the § 924(c) counts and as Congress mandated, these sentences were to run consecutively. Deal made the proper objections to the trial court, but the district judge sentenced in accordance with the probation officer's recommendations.

Deal appealed on the single grounds of whether or not the District Court imposed the proper sentence in connection with the counts of conviction under 18 U.S.C.

§ 924(c). The issue raised by Deal is a question of law; and the standard of review is therefore *de novo.* *Walter v. Torres,* 917 F.2d 1379, 1383 (5th Cir.1990). This is the first occasion on which this Court has had to address this question.

The pertinent part of 18 U.S.C. § 924(c) provides:

> Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years,.... *In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years,....*
>
> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried. (emphasis added)

Deal urges that Congress' use of the disjunctive "second or subsequent" to modify "conviction" in § 924(c) creates an ambiguity because the meaning of "second" is subsumed into the meaning of "subsequent." Deal argues that under the plain meaning of "subsequent", the provision should be interpreted to require that an offender be convicted under *separate* indictments before the enhancement provision could apply. Since he was convicted for several offenses charged in the same indictment, Deal argues that he was not subject to a "subsequent conviction"; and, therefore, he should not have received an enhanced sentence.

The government contends that Congress included, "second or subsequent conviction" to cover both the situation where a defendant is convicted of more than one § 924(c) offense in one indictment and the situation where the separate offenses are charged in separate indictments. The government argues that Congress wisely put this language in to preclude prosecutors from having discretion to control the imposition of the enhancement by the manner of charging the offenses.

If this were a matter of first impression before any Circuit Court, we might be inclined to explore the controversy further. However, the Eleventh, Eighth, Sixth, Seventh and Fourth Circuits have previously determined that a "second or subsequent conviction" under 18 U.S.C. § 924(c) can result from the same indictment as the first conviction under § 924(c). *See, United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987); *United States v. Hamblin,* 911 F.2d 551, 555 (11th Cir.1990), *cert. denied sub. nom., Jones v. United States,* — U.S. —, 111 S.Ct. 2241, 114 L.Ed.2d 482 (1991); *United States v. Foote,* 898 F.2d 659, 668–69 (8th Cir.), *cert. denied sub. nom., Thompson v. United States,* — U.S. —, 111 S.Ct. 112, 112 L.Ed.2d 81 and *Williams v. United States,* — U.S. —, 111 S.Ct. 342, 112 L.Ed.2d 307 (1990); *United States v. Nabors,* 901 F.2d 1351, 1358–59 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *United States v. Bennett,* 908 F.2d 189, 194–95 (7th Cir.) *cert. denied,* — U.S. —, 111 S.Ct. 534, 112 L.Ed.2d 544 (1990); *United States v. Luskin,* 926 F.2d 372, 375 (4th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 68, 116 L.Ed.2d 43 (1991).

In the present case, each of counts 2, 4, 6, 8, 10, and 12, which were the counts alleging violations of § 924(c), related to bank robberies committed on different days involving different banks and different times. We hold, therefore, that the District Court correctly imposed the proper sentence in this case, including the enhancements resulting from "second or subsequent" convictions under 18 U.S.C. § 924(c).

For the foregoing reasons, the judgment is AFFIRMED.