981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Briant McGEE, Defendant-Appellant.
 No. 91-50574.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided Dec. 16, 1992.
 
 1
 Before ALDISERT* CANBY and DAVID R. THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Joseph McGee appeals his convictions on three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). McGee challenges two evidentiary rulings and the court's refusal to grant his severance motion on the bank robbery counts. He asserts that an evidentiary hearing is necessary to determine whether a juror either saw or heard about a gun not admitted into evidence. McGee also appeals from his enhanced sentence on one firearm count, arguing that multiple convictions in the same indictment are no basis for an enhanced penalty under 18 U.S.C. section 924(c).
 
 
 4
 For reasons to be stated, we bifurcate our disposition of this appeal, affirming McGee's conviction now but withholding our ruling on his challenge to his sentence.
 
 I. The Evidentiary Rulings
 
 5
 Over McGee's objections, the district court admitted into evidence a holster found at his apartment and mug shots displaying his tattoos. McGee renews his objections on appeal, arguing that the danger of unfair prejudice these items create substantially outweigh their probative value under Fed.R.Evid. 403. We review for an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991).
 
 A. The Holster
 
 6
 None of the bank tellers saw the robber toting a gun in a holster. However, a teller at each of three banks testified that when the robber displayed his gun to them at the outset of each robbery, he had the weapon slung at his waist. With regard to two of the robberies, witnesses said the robber wore sweat pants, which, as the district court observed, provide no secure spot to carry a gun.
 
 
 7
 It is possible, therefore, that McGee could have used a holster in the robberies. McGee suggests that the holster is irrelevant unless a witness actually remembered seeing a holster. To the contrary, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." United States v. Gilley, 836 F.2d 1206, 1213 (9th Cir.1988) (quoting Fed.R.Evid. 401). The holster met that test.
 
 
 8
 McGee argues that no evidence linking the holster to the robberies, e.g. a gun or bait money, was found at the apartment. He also contends that he bought the holster, along with a handgun, on the day after the last robbery. In the absence of unfair prejudice to McGee, however, it was for this jury to determine the weight and credibility of evidence.
 
 
 9
 In this case the admission of the holster presented no danger of unfair prejudice to McGee. McGee was free to argue that he had used his holster only for legitimate purposes. Rule 403 counsels exclusion of relevant evidence only when the risk of unfair prejudice "substantially outweighs" probative value. McGee bore the burden of showing the severity of that risk, and he has failed to carry the burden. We find no abuse of discretion.
 
 B. The Photographs
 
 10
 We also reject McGee's contention that the trial court abused its discretion in admitting photographs showing his tattoos. McGee argues that admission of the photographs in this case cannot serve to identify him because no witness to the robberies testified that the robber had tattoos. The photos were relevant, however, to explain why the robber wore either a long-sleeved shirt or sweat shirt during each of the robberies. Several witnesses said they had found it odd, on first seeing the robber, that he wore long-sleeved clothing in hot summer weather. The government's explanation, that the robber sought to hide identifying tattoos, is a plausible one.
 
 
 11
 McGee offered the testimony of a bystander to one robbery who saw the robber, without his sweat shirt, fleeing the scene. The bystander said she saw no tattoos on the robber. The jury was free to believe the bystander and conclude that someone other than McGee had robbed that bank. However, the jury chose not to do so, perhaps because the bystander stood at a considerable distance from the robber.
 
 
 12
 McGee fails to show that any risk of prejudice to him from the photos substantially outweighs the photos' probative value. The district court acted within its discretion in admitting the photos.
 
 II. The Severance Motion
 
 13
 Before trial McGee moved the district court to sever the two bank robbery counts that concerned the August 18 robberies from the count that concerned the August 6 robbery. McGee explained that he wished to testify in his defense only about the events of August 18. The district court denied the motion. We review for an abuse of discretion. United States v. Cuozzo, 962 F.2d 945, 949 (9th Cir.), cert. denied, 1992 WL 266277 (U.S. Nov. 9, 1992). McGee bears the burden of showing that the denial of severance caused "clear," "manifest," or "undue" prejudice that denied him a fair trial. Id. at 950. McGee must make a "convincing showing" that he has important testimony to give regarding the August 18 robberies and a strong need to refrain from testifying regarding the August 6 robbery. United States v. Nolan, 700 F.2d 479, 483 (9th Cir.), cert. denied, 462 U.S. 1123 (1983).
 
 
 14
 McGee presented the district court with no more than a bald assertion of prejudice from joined offenses. The district court had no way to determine whether his claim of prejudice was genuine. McGee offers us no explanation either. We therefore find no abuse in the decision to deny severance.
 
 III. Juror Misconduct
 
 15
 For the first time on appeal, McGee contends that he is entitled to an evidentiary hearing on a claim of juror misconduct. We review for plain error, see United States v. Henderson, 404 F.2d 832, 834 (9th Cir.1968), cert. denied, 394 U.S. 1006 (1969), and will disturb the judgment only to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process. See United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 16
 The record indicates that a juror entered the courtroom during argument on the admissibility of a gun that the district court ultimately excluded from evidence. McGee seeks a determination whether that juror heard the argument or saw the gun. Although the district court, if it became aware of possible juror misconduct, had an obligation to conduct an evidentiary hearing to investigate, United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982), McGee had a concurrent obligation to bring his suspicion of misconduct to the court's attention. In the absence of any objection from McGee at trial, we will reverse only if a reasonable possibility exists, on the record as it stands, that the improper exposure to the gun would have affected the verdict. See United States v. Steele, 705 F.2d 743, 746 (9th Cir.1986). We discern no reason to disturb the verdict here, and note that the trial court's instruction to the jury to consider only material admitted into evidence likely cured any risk created by the juror misconduct. See United States v. Gulma, 563 F.2d 386, 390-91 (9th Cir.1977).
 
 
 17
 IV. Conclusion: Issues Relating to the Convictions
 
 
 18
 Because we find no merit in any of McGee's challenges to the validity of his convictions, those convictions are affirmed.
 
 
 19
 V. The Sentence: Enhanced Penalty Under 18 U.S.C. § 924(c).
 
 
 20
 The district court sentenced McGee to an enhanced penalty of twenty years on the second firearm count under the repeat offender provision of Section 924(c). McGee argues that the provision has no application to multiple convictions on counts charged in a single indictment.
 
 
 21
 Our recent decision in United States v. Neal, No. 91-10078, slip op. 11185, 11887 (9th Cir. Oct. 5, 1992), holds to the contrary of McGee's contention. Ordinarily, Neal would control and require affirmance of McGee's sentence. On the same day that Neal was decided, however, the Supreme Court granted certiorari in United States v. Deal, 954 F.2d 262 (5th Cir.), cert. granted, 113 S.Ct 53 (1992). Deal presents precisely the same issue as that raised by McGee here and decided in Neal. Accordingly, we elect to bifurcate McGee's sentencing issue from the rest of his appeal, and to withdraw that sentencing issue from submission pending final disposition of Deal by the Supreme Court. This panel retains jurisdiction of the appeal of the sentence.
 
 
 22
 APPEAL BIFURCATED; CONVICTIONS AFFIRMED IN THEIR ENTIRETY; SENTENCING ISSUE WITHDRAWN FROM SUBMISSION UNTIL FURTHER ORDER OF THE COURT.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3