USA v. Chirichiello                    CR-92-92-B     06/24/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                    Criminal No. 92-92-01-B

Gary Chirichiello

**O R D E R**

Defendant, Gary Chirichiello, has been charged with growing marijuana in violation of 21 U.S.C. § 841(a)(1).  The physical evidence supporting this charge, including numerous marijuana plants, was seized during the search of a residence pursuant to a warrant.  The information used to obtain the search warrant, however, was uncovered during a warrantless search of the residence by a New Hampshire state police trooper who was admitted by an informant claiming that he lived at the residence and was helping Chirichiello grow the marijuana.

Chirichiello has moved to suppress the evidence obtained in both searches because he claims that the informant lacked actual or apparent authority to consent to the warrantless search.  I reject Chirichiello's contention and conclude that the informant had sufficient apparent authority to justify the search because the state police trooper who conducted the search reasonably believed that the informant had common authority over the

premises.  Accordingly, I deny the motion to suppress.

## FACTS

On July 27, 1992, New Hampshire State Trooper Susan Forey spoke with Robert J. Anthony, an informant who had previously provided Trooper Forey with reliable information in another investigation.  Anthony told Trooper Forey that he could bring her to a residence in Landaff, New Hampshire, where he was involved in growing marijuana with Chirichiello and two other individuals.

Later that day, as Anthony and Trooper Forey were driving to the residence, Anthony explained that Chirichiello and the others had been growing marijuana at a residence in Antrim, New Hampshire and that they had invited Anthony to join in their venture shortly before they decided to move the operation to Landaff.  Anthony's role in the operation was to assist in the move, provide advice regarding the growing process, and care for the plants by watering them regularly, checking the timers for the lights and fans, and protecting the plants if the electricity went out.  Anthony also stated that he was responsible for caring for two dogs Chirichiello kept at the Landaff residence.  In return for these services, Anthony claimed that he was supplied

with food and permitted to live at the residence. Anthony also informed Trooper Forey that while he did not have his own key to the house, he did have access to a key which was kept over the door. He informed her that the marijuana was being grown on the second floor behind a door secured by a combination lock and that he knew the combination and had access to the plants.

When they arrived at the house, Anthony retrieved the key and opened the door. During the tour of the common areas of the house, Trooper Forey observed manuals explaining how to grow marijuana. Also during the tour, Anthony pointed out food that belonged to him and explained that although he had formerly slept inside, he now slept in a tent in the backyard because he did not want to get caught in the house with the marijuana plants. However, he informed Trooper Forey that he continued to use the kitchen and bathroom facilities regularly.

After inspecting the first floor, Trooper Forey and Anthony climbed the stairs and Anthony unlocked the combination lock on the upstairs door. They entered the various rooms on the second floor where the marijuana was being grown, and Trooper Forey took numerous photographs of the plants. On August 12, 1992, Trooper Forey filed an application for a search warrant based on what she had seen in the house.

**DISCUSSION**

The government defends Trooper Forey's warrantless search of the Landaff residence by arguing that she reasonably believed that Anthony had authority to consent to the search. The standard against which this claim must be tested is derived from two Supreme Court decisions: United States v. Matlock, 415 U.S. 164 (1974), and Illinois v. Rodriguez, 110 S. Ct. 2793 (1990). In Matlock, the Supreme Court held that a third party with "common authority" over a premises may consent to a search of the premises. Common authority exists when there is

> mutual use of the property by persons generally having joint access and control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their members might permit the common area to be searched.

415 U.S. at 171 n.7. In Rodriguez, the Supreme Court extended Matlock to situations in which the police officer conducting the search acted under a reasonable but mistaken belief that the third party consenting to the search had the power to consent to the search. 110 S. Ct. at 2801. Reading Matlock and Rodriguez together, therefore, a search conducted pursuant to the consent of a third party will be lawful if, considering the totality of circumstances, the law enforcement officer conducting the search

4

reasonably believes that the consenting party has common authority over the place to be searched.

In the present case, Anthony told Trooper Forey that he had recently been living in the residence and that he still used the kitchen and bathroom facilities on a regular basis. More importantly, Anthony told Trooper Forey that, as an active participant in the conspiracy, he had regular access to the residence in general, and the marijuana growing rooms in particular. Moreover, Trooper Forey had a substantial basis for crediting Anthony's claims because: (i) Anthony had provided her with information in a prior investigation that had proved to be reliable, (ii) certain observations Trooper Forey made at the scene before she entered the residence supported the accuracy of Anthony's information,[1] and (iii) Anthony knew where to find the key to the house and knew the combination of the lock on the door to the growing rooms. Thus, the totality of the facts available

---

[1] When they arrived at the house, Trooper Forey recognized two vehicles that were present on the property. The first was a truck which she knew was registered to Chirichiello. The second vehicle belonged to another individual whom Trooper Forey was already in the process of investigating. Anthony also identified other individuals who were involved in the investigation that were known to Trooper Forey. At the hearing, Trooper Forey testified that the presence of the vehicles, and her ability to corroborate the names provided by Anthony supported her reliance on Anthony's statements.

to Trooper Forey when she entered the premises demonstrates the reasonableness of her belief that Anthony had common authority over the residence in general, and the growing rooms in particular. Accordingly, Trooper Forey's warrantless search was lawful. Accord United States v. Cepulonis, 530 F.2d 238, 244 (1st Cir.) (co-conspirator with joint access to trunk could consent to search), cert. denied, 426 U.S. 908 (1976); United States v. Murphy, 506 F.2d 529, 530 (9th Cir. 1974) (defendant's employee with key could consent to search of warehouse leased by defendant), cert. denied, 420 U.S. 996 (1975).

## CONCLUSION

Chirichiello's Motion to Suppress (document no. 19) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 24, 1993
cc:  Michael G. Shklar, Esq.
     U.S. Attorney
     U.S. Probation
     U.S. Marshal

6