19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Gary CHIRICHIELLO, Defendant, Appellant.
 No. 93-2076.
 United States Court of Appeals,
First Circuit.
 February 18, 1994
 
 Appeal from the United States District Court for the District of New Hampshire
 Michael C. Shklar on brief for appellant.
 Paul M. Gagnon, United States Attorney, Gary V. Milano, Assistant United States Attorney, and David A. Vicinanzo, Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Gary Chirichiello appeals the denial by the district court of his motion to suppress evidence which led to his indictment for manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). The evidence was seized pursuant to a warrant which itself was based on information acquired during a prior warrantless search of a residence in Landaff, New Hampshire. The prior search was undertaken by a New Hampshire state trooper who was admitted to the residence by an informant who claimed to have been helping Chirichiello grow marijuana in the residence. Chirichiello later pled guilty but reserved his right to appeal the denial of his motion to suppress. We affirm.
 
 Discussion
 
 2
 The court supportably made the following factual findings. In July 1992, New Hampshire State Trooper Susan Forey was told by an informant, Robert Anthony, who had previously provided Forey with reliable information, that he could bring her to a residence where he was an active participant in a conspiracy to grow marijuana along with Chirichiello and two other individuals. Anthony indicated that his role was to provide advice as to the growing of the plants and to care for them on a regular basis. He told the trooper that the plants were kept on the second floor behind a door secured by a combination lock. Anthony told Forey that, although he did not reside in the house,[1] he had access to and use of the kitchen and bathroom on a regular basis. He also indicated that he had access to the marijuana plants on the second floor and had an ongoing involvement in tending the plants, which included caring for them in Chirichiello's absence. While he did not have his own key to the residence, Anthony said that he had access to a common key kept above the door and that he knew the combination of the lock to the second floor.
 
 
 3
 Upon arriving at the residence, Forey made observations which supported the accuracy of Anthony's information. Anthony then retrieved the key and opened the door. After giving Forey a brief tour of the premises, during which Forey observed manuals on how to grow marijuana, Anthony led her to the second floor where he unlocked the combination lock behind which the marijuana was being grown. Based on her observations, Forey obtained a search warrant for the premises.
 
 
 4
 A party with common authority over a premise may consent to its search. United States v. Matlock, 415 U.S. 164, 170 (1974). Common authority exists where there is mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of [them] has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.
 
 
 5
 Id. at 171 n. 7. Even if a party lacks actual common authority to consent to a search, the search is lawful if the officer conducting the search reasonably believed, based on the totality of the circumstances, that the consenting party did have common authority. Illinois v. Rodriguez, 497 U.S. 177, 185-86 (1990). In the instant case, the district court found that, based on the totality of these circumstances, Forey had reason to believe that Anthony had common authority over the residence in general and the growing rooms in particular. We find no clear error in this finding. See United States v. Mancini, 8 F.3d 104, 107 (1st Cir. 1993) (in reviewing the district court's suppression order, findings of fact, including mixed findings of fact and law, upheld absent clear error) (citing cases).
 
 
 6
 Forey could reasonably have concluded that Anthony's regular use of the cooking and bath facilities of the house authorized him to enter and make use of the common areas of the house in general. Moreover, she could have concluded reasonably that, as a coconspirator who had an ongoing involvement in tending the plants, Anthony was authorized to enter and to make use of the second floor area in which the marijuana was being grown.[2] These conclusions were confirmed by Anthony's ready access to the key to the residence and his knowledge of the combination of the lock on the door behind which the marijuana was being grown. The totality of these circumstances is sufficient to establish that Chirichiello had forfeited any reasonable expectation of privacy in these areas and, thus, that Anthony had apparent authority to consent to the search. Cf. United States v. Buettner-Janusch, 646 F.2d 759, 765-66 (2d Cir.) (student assistant who was authorized to enter and use professor's laboratory had common authority to consent to search), cert. denied, 454 U.S. 830 (1981); United States v. Cepulonis, 530 F.2d 238, 244 (1st Cir.) (participant in robbery had joint control over property locker in which he and others had placed gun), cert. denied, 426 U.S. 908 (1976); United States v. Murphy, 506 F.2d 529, 530 (9th Cir. 1974) (employee, who was given key to warehouse only when required to perform work on premises, had sufficient control to consent to search).
 
 
 7
 Since there is no allegation that any of the information used in obtaining the warrant was secured from observations other than those made in the common areas of the house or on the second floor, i.e, no allegation that any information was obtained from the search of areas in which others had a reasonable expectation of privacy, the suppression motion was properly denied. See Rodriguez, 497 U.S. at 188-89 (search valid if consenting party had apparent authority over the area searched).
 
 
 8
 Affirmed.
 
 
 
 [1]
 Anthony claimed that he slept in a tent in the backyard because he did not want to be caught in the house where the marijuana was being grown. He had previously lived in the house
 
 
 [2]
 There is no contention that the second floor was used for any purpose other than the growing of marijuana