UNITED STATES of America,

v.

John Raymond AST, Appellant in Nos. 01–3566 and 01–3568,

John Raymond Ast a/k/a Chino a/k/a Jr,

John Raymond Ast, Appellant in No. 01–3567.

Nos. 01–3566, 01–3567, 01–3568.

United States Court of Appeals, Third Circuit.

Submitted Oct. 16, 2002.

Decided Oct. 31, 2002.

Before BECKER, Chief Judge, ROTH and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

Appellant John Raymond Ast raises two issues in this appeal, both of which concern the sentence imposed on him by the District Court upon his conviction for armed

robbery and related offenses. Ast, after robbing numerous banks, convenience stores and video stores in New Jersey, Pennsylvania and Delaware in late 1998, pled guilty and was convicted on September 18, 2001 in the United States District Court for the Eastern District of Pennsylvania to charges of conspiracy and armed robbery, and two counts of brandishing a firearm during commission of a crime. The District Court sentenced him to an aggregate term of 480 months. We affirm the judgment of conviction and sentence.

## I.

■ We first consider whether the District Court erred in its conclusion that the Government acted within its discretion when it declined to move under 18 U.S.C. § 3553(e) to reduce Ast's sentence below the statutory mandatory minimum. Sentence reductions below the statutory minimum are governed by 18 U.S.C. § 3553(e), which empowers the Government to move for a sentence below the statutory minimum based upon the defendants provision of "substantial assistance" in the prosecution of another offender. Sentencing reductions below the Sentencing Guidelines range are governed by U.S.S.G. § 5K1.1, which similarly provides that "substantial assistance" in the prosecution of another offender may be the basis for the prosecutor to move for a sentence below the mini-

mum Guidelines sentence. Upon his arrest, Ast furnished information to the Government, which helped it to successfully prosecute a second person, who also participated in the commission of the armed robbery offenses. The Government moved for a reduction below the Guidelines minimum, pursuant to § 5K1.1, but did not make a § 3553(e) motion.[1] The Sentencing Guidelines provided for a sentence of 519 to 552 months for Ast's crimes. A district court may not depart from the statutory minimums absent a Government motion. In this case, enabled by the Government's motion for a downward departure from the Guidelines, the District Court sentenced Ast to 480 months. However, because no § 3553(e) motion was made, the District Court had no authority to depart below the statutory minimum sentence of 384 months. Thus, the District Court committed no error in this respect.

The second and highly troublesome issue before us is whether the District Court erred in imposing a twenty-five-year sentence for a "subsequent conviction" of a firearm offense. The Court rendered its sentences within a single judgment which included the prior conviction. 18 U.S.C. § 924(c), which governs certain firearm offenses, mandates twenty-five years for "subsequent [firearm] convictions."[2] Ast

---

1. The statutory minimum sentence is established by the particular statute governing the substantive crime at issue. A lower sentence may not be levied without a § 3553(e) motion to depart from the statutory minimum. The Sentencing Guidelines independently set a minimum sentence, based upon factors including category of offense and history of past offenses. A § 5K1.1 motion permits a sentence below the Guidelines minimum. In this case the latter motion was made, but not the former, thus authorizing a sentencing range between 384 months (the statutory minimum) and 519 months (the Guidelines minimum). Ast was sentenced to 480 months.

2. 18 U.S.C. § 924(c)(1) provides in pertinent part:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during ... any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm ... in addition to the punishment provided

contends that these subsequent convictions should be interpreted to include only those convictions imposed later in time, and should not include multiple findings of guilt contained within a single judgment and sentence.

The Government filed a motion pursuant to U.S.S.G. § 5K1.1,[3] based on Ast's assistance in helping convict a coconspirator to the robberies, which permitted the District Court to make a downward departure from the Sentencing Guidelines range for Ast's offense. The Government opted not to make a motion under 18 U.S.C. § 3553(e), which would have permitted a downward departure from the statutory minimum sentence, on the purported basis that Ast's assistance was not substantial enough to warrant the second motion and that the prosecutor had already extended sufficient leniency in its charging decisions. The District Court denied Ast's motion to compel the prosecutor to make the latter motion and held there was no abuse of discretion by the prosecutor in declining to make the second motion.

■ Our review of a district court's interpretation and application of the Sentencing Guidelines is plenary. *United States v. Jenkins*, 275 F.3d 283, 286 (3d Cir.2001). Ast argues that the District Court erred in its failure to find that the prosecutor abused his discretion by not filing a second downward departure mo-

tion. Ast argues that he substantially aided the Government in the conviction of a co-felon. He also notes that the Government made a motion to depart from the Guidelines minimum sentence, pursuant to § 5K1.1, and that § 3553(e) and § 5K1.1 both state the same requisite condition for the making of a downward departure motion thereunder: that there be "substantial assistance" in the prosecution of another person by the defendant. Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." The language of § 5K1.1 mirrors that of § 3553(e), which states, "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Ast contends that the identity of the two provisions suggests Congress intended to assign a unitary meaning to the words "substantial assistance," as used in both statutory provisions. Thus, according to Ast, any motion made under § 5K1.1 commands the making of a § 3553(e) motion. However, the Supreme Court in *Melendez v. United States*, 518 U.S. 120, 116 S.Ct. 2057, 135

for such crime of violence or drug trafficking crime—

❖ ❖ ❖ ❖

(C) In the case of a second or subsequent conviction under this subsection, the person shall—

(i) be sentenced to a term of imprisonment of not less than 25 years.

**3.** U.S.S.G. § 5K1.1 provides in pertinent part: Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an

offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered.

. . . .

L.Ed.2d 427 (1996), rejected the proposition that the two provisions were to be accorded identical meaning.

In *Melendez,* the Supreme Court held that a § 5K1.1 motion for downward departure from the sentencing guidelines range does not permit a district court *sua sponte* to grant a downward departure from the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e), absent a motion by the prosecutor to do so. 518 U.S. at 125–26. The Court rejected the idea that the two statutes, read in tandem, were intended to create a unitary downward departure system, under which a § 5K1.1 motion authorized the trial judge to grant a departure pursuant to § 3553(e). Rather, the Court understood the texts of the two provisions to mean that a downward departure from the statutory minimum requires a separate motion by the prosecutor under § 3553(e). *Id.* Although the Supreme Court has not ruled on the related proposition that it is generally permissible for a prosecutor, in the exercise of his or her discretion, to apply different definitions of "substantial assistance" in determining whether to file a § 3553(e) motion in addition to the § 5K1.1 motion, it follows by implication that, since the two provisions were intended to operate independently of one another, a prosecutor may legitimately move for a downward departure under one statute but not the other.

Moreover, in our *United States v. Melendez* decision, 55 F.3d 130, 135 (3d Cir. 1995), which the Supreme Court affirmed, and which remains the law of this circuit, this court addressed the issue of whether the prosecutor may, within his or her discretion, assign differential meanings to the two statutory provisions at issue here. We concluded that the prosecutor has this option under the Congressional intent as reflected in § 3553(e). No policy considerations appear to counsel against this conclusion, which is sound, because different defendants provide varying degrees of assistance to the prosecution, and the Government thereby preserves its ability to tailor its sentencing reduction incentives to the degree of assistance provided.

Further, the defendant must make a "substantial showing" that the prosecutor's decision was improperly motivated before even an evidentiary hearing will be granted. *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The desire to tailor the extent of its downward departure recommendations to the extent of Ast's crimes, and not to be excessively lenient, appears rational. Ast has not shown that the relative magnitude of his assistance was so great as to warrant an inference of irrationality.

Ast argues that his furnishing of information which helped lead to the arrest of another felon was found by the Government to be "substantial assistance" within the meaning of § 5K1.1,[4] which led the prosecutor to file an appropriate motion for downward departure thereunder. The prosecutor's failure to make the same motion under § 3553(e), which also provides for a downward departure for "substantial assistance," even if not *per se* improper, Ast asserts, gives rise to an inference of irrationality, or improper motive. Our *Melendez* decision, 55 F.3d at 135, explicitly rejected this reasoning.

Moreover there is no evidence here of bad faith here. Ast cites *United States v. Rounsavall,* 128 F.3d 665 (8th Cir.1997), in which a case was remanded to the district court because of evidence of bad faith by the prosecutor in withholding a motion for a downward departure under § 3553(e),

---

**4.** The Government essentially concedes, by the language of its § 5K1.1 motion, that there was "substantial assistance" within the meaning of the Sentencing Guidelines.

while making a motion under § 5K1.1. There, however, bad faith was evidenced by the prosecutor's breach of an agreement in which defendant was promised that, if he cooperated with the police investigation of another suspect, downward departure motions under both statutes would be made in his favor. There is no evidence of any such agreement here.

Ast's reliance on *United States v. Faulks*, 143 F.3d 133 (3d Cir.1998), is similarly unavailing. In that case, the court noted that divergence between the district court's granting of a § 5K1.1 motion and the court's concurrent failure to actually depart from the sentencing guidelines might, in some circumstances, indicate that the defendant was somehow misled by the court, or else that the judge acted irrationally. However, *Faulks* concerned a judge's, rather than a prosecutor's, abuse of discretion. 143 F.3d at 135. A prosecutor is inherently more likely to have facts at his or her disposal to make a correct judgment as to the appropriateness of a statutory downward departure motion, whereas a judge is more likely to have to rely on the prosecutor's judgment.

Defendant must affirmatively set forth evidence of bad motive and cannot rely on mere innuendo. The burden is on the defendant to make a "substantial showing" of abuse of prosecutorial discretion. Given that there is no convincing evidence to provide an inference of irrationality or bad faith, the appellant has failed to make its "substantial showing," necessary to prove abuse of prosecutorial discretion.

## II.

The District Court sentenced Ast to an aggregate term of forty years. Included in this sentence was a seven-year term for the first count of brandishing a firearm and a twenty-five-year sentence for the second firearm count pursuant to 18 U.S.C. § 924(c).

Review of lower court decisions under 18 U.S.C. § 924(c) is de novo. *United States v. Deal*, 954 F.2d 262, 263 (5th Cir.1992). This section provides that any person who during and in relation to any crime of violence uses or carries a firearm shall, in addition to the punishment provided for such crime of violence if the firearm is brandished, be sentenced to a term of imprisonment of not less than twenty-five years in the case of a second or subsequent conviction. 18 U.S.C. § 924(c)(1). Ast essentially concedes that his argument that his conviction amounted to one offense is directly contrary to the Supreme Court's holding in *Deal v. United States*, which held that a "subsequent conviction" within the meaning of the Sentencing Guidelines was intended to include any subsequent "finding of guilt by a judge or a jury," including those occurring in the context of a single adjudicative proceeding resulting in a single multicount judgment of conviction. 508 U.S. 129, 131, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) The Supreme Court rejected the proposition that a "subsequent conviction" meant only a finding of guilt rendered after a prior judgment of conviction and sentence had become final. *Id.* at 134. Ast asks us to overrule the Supreme Court's holding. This we may not do. The Supreme Court construed "subsequent conviction" to mean any "finding of guilt by a judge or jury," including those contained within a single indictment and sentence, and not merely a finding of guilt rendered in a separate judgment at a later time. *Id.* at 133–34. This holding is binding upon us and we are constrained to follow it.

## III.

For the foregoing reasons, the judgment of the District Court will be affirmed.