J-S35024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID EARL MARSHALL | : | No. 899 MDA 2021 |

Appeal from the Order Entered June 10, 2021,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0003630-2020.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED: JANUARY 5, 2022**

The Commonwealth appeals from the order suppressing its evidence against David Earl Marshall.[1]  Following review, we affirm.

The undisputed facts are as follows.  On October 22, 2020, the Wyomissing Police Department had a warrant to arrest Marshall for a parole violation.  The police learned Marshall was sleeping in Room 148 of the Inn at Reading.  *See* N.T., 6/25/21, at 13.

A group of officers entered Room 148, and found Marshall, Mr. Henry, Ms. Henry, and an unidentified woman jointly occupying it.  One officer arrested Marshall and transported him to the station.  The officer did not ask Marshall whether any of his belongings were still in the room, or whether Marshall consented to a search of the room, or any containers stored therein.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth certified that the suppression court's ruling substantially handicaps its prosecution.  *See* Pa.R.A.P. 311(d).

Another officer remained in the room, because, while arresting Marshall, he observed drug paraphernalia on a nightstand. That officer learned that Ms. Henry had rented the room. *See id.* at 20-21. Ms. Henry told the police they could search, indicating there was "nothing in the room but paraphernalia." *Id.* at 23. She also signed a form acknowledging her consent to search the room.

According to the officer, it looked as if Marshall and the others "had been living there for more than a week . . .." *Id.* at 28. Along the back wall the officer saw some trash bags and a backpack. The backpack was closed, and the officer could not see inside it. Without asking who owned the backpack, the officer unzipped and searched it. Paraphernalia, narcotics, suboxone, two working scales, and pieces of Marshall's mail were inside.

This prompted the officer to ask Ms. Henry if the backpack was hers. She said, "No, it's not." *Id.* at 29. The police seized the backpack and its contents.

Based on the items inside the backpack, the Commonwealth charged Marshall with various drug offenses.[2] Marshall moved to suppress the items from the backpack, and the suppression court granted that request. This timely appeal followed.

The Commonwealth presents one issue for our review: "Did the suppression court err by concluding that the valid renter of the hotel room,

---

[2] *See* 35 Pa.C.S.A. § 780-113(a) (16), (30), (31)(i), and (32).

where [Marshall's] items of contraband were located, lacked actual authority and/or apparent authority to grant consent to law enforcement to search the hotel room?"  Commonwealth's Brief at 4.

We first observe that the suppression court did **not** conclude that Ms. Henry lacked authority to consent to a search of the hotel room.  If the suppression court had ruled that Ms. Henry lacked the actual authority to consent to a search of her own hotel room, it clearly would have erred.  **See, e.g., Commonwealth v. Van Jordan**, 456 A.2d 1055, 1058 (Pa. Super. 1983) (citing **United States v. Gulma**, 563 F.2d 386 (9th Cir. 1977) (holding that a person in possession of the keys to a hotel room had authority to consent to the search of that room, although the person never entered the room) and **State v. Miller**, 388 A.2d 993 (N.J. Super. 1978) (finding that a co-occupant of a hotel room had actual authority to consent to search of room shared with defendant)).

Here, however, the court ruled that Ms. Henry lacked apparent or actual "authority to consent to a search of the **entire** hotel room **and all belongings inside of it.**"  Trial Court Opinion, 6/10/21, at 6 (emphasis added).  Notably, the Commonwealth did not ask whether the court erred when it found that Ms. Henry lacked authority to search Marshall's belongings.  As such, it appears that the Commonwealth did not raise the appropriate question for our review in this appeal.

The Rules of Appellate Procedure require the party filing an appeal to provide a Statement of Questions Involved.  "The statement of the questions

involved must state concisely the issues to be resolved . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116.

Whether the Commonwealth has violated this Rule of Appellate Procedure and thereby waived its claims presents a question of law, for which our standard of review is *de novo,* and our scope of review is plenary. **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

In a case factually like the one at bar, Justice (then-Judge) Wecht drew a clear distinction between the constitutional issue the Commonwealth raised in its Rule 2116 Statement and the one the suppression court decided. "The critical inquiry is not whether [the renter] had the authority to consent to the search of her [premises], but rather whether she had the actual authority, or the apparent authority, to consent to the search of [defendant's] closed containers stored therein." **Commonwealth v. Perel**, 107 A.3d 185, 191 (Pa. Super. 2014).

Under **Perel**, the latter issue is a discrete constitutional question. **See id.** at 188-91. Whether a co-occupant may consent to a search of the defendant's personal effects implicates privacy expectations of a defendant that are separate from those shared with a co-occupant of the premises, generally. A defendant's personal, privacy expectations exceed the privacy interests he has in the common areas that he shares with co-occupants. **See id.** To search sealed containers in common areas of a shared premise (such as Marshall's backpack) the police must investigate the ownership of such

containers **before opening them**.   **See id.**   Such an investigation allows them to reach a well-reasoned conclusion that the person granting consent probably has authority to do so.  **See id.**   Hence, the authority to consent to a search of a shared premise and the authority to consent to the search of personal effects therein are not co-extensive.

In the case before us, the Commonwealth's Rule 2116 Statement does not present the critical issue of whether the suppression court erred by finding that Ms. Henry lacked actual or apparent authority to consent to a search of Marshall's backpack.   Moreover, given Marshall's greater privacy interest in his personal effects (beyond his privacy interest in a shared hotel room) and the differing investigatory demands placed upon searches of personal effects within such premises, the real issue here is not "fairly suggested" by the question the Commonwealth asked.  See Pa.R.A.P. 2116.  Additionally, the issue of authority to consent to a search of the backpack is not a "subsidiary question fairly comprised" within the overly broad issues of whether Ms. Henry could consent to a search of the hotel room.  **Id.**

In short, the Commonwealth failed to raise the "critical inquiry [of] whether [Ms. Henry] had the actual authority, or the apparent authority, to

consent to the search of [Marshall's] closed containers stored" in the shared hotel room. *Perel*, 107 A.3d at 191. We dismiss that inquiry as waived.[3][4]

Order affirmed.

Judge Olson joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2022

_____

[3] Even if the Commonwealth had raised the proper question, we would affirm the suppression court. Marshall had a reasonable expectation of privacy in his backpack, Ms. Henry could not validly consent to a search of it, and it was unreasonable for the police to believe that she had the authority to give such consent. As such, the search of the backpack was illegal. *See Perel*, 107 A.3d at 196-97.

[4] Similarly, the Commonwealth did not raise the issue of whether, upon observing the paraphernalia in the hotel room and conduct of the occupants, the investigators had probable cause to search the room and its containers for drugs. Nor did the Commonwealth raise the issue of whether the police would have inevitably discovered the contents of Marshall's backpack following the apprehension of the room's occupants and thereafter obtaining a search warrant based upon probable cause. Thus, these issues are waived as well.