**UNITED STATES of America,
Appellee,**

v.

**Peter GRADOWSKI, Appellant.**

**No. 1248, Docket 74–1710.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1974.

Decided Sept. 10, 1974.

---

564

which he was convicted, which were seized in a warrantless search of his automobile trunk. The search was found by the trial court to have been made with the consent of the Hammers, people at whose house appellant had left his car, to whom he had given the keys, and who—rather than being under any compulsion from any previous wrongful assertion by the federal agents of authority to search their house—were quite happy to give the car keys to the agents, wanting as they were to be rid of any connection with appellant and his cohort, Mrs. Hammer's brother. The finding of consent was amply justified by the evidence. Consent to a search by one with access to the area searched, and either common authority over it, a substantial interest in it or permission to exercise that access, express or implied, alone validates the search. United States v. Matlock, 415 U.S. 164, 170–171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); United States v. Gargiso, 456 F.2d 584, 587 (2d Cir. 1972).

Judgment affirmed.

John H. Doyle III, New York City, for appellant.

John N. Bush, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S. D. N. Y., John D. Gordan III, Asst. U. S. Atty., of counsel), for appellee.

Before OAKES, Circuit Judge, FRANKEL and KELLEHER, District Judges.*

PER CURIAM:

We affirm the appellant's conviction on seven counts of an indictment relating to possession of stolen goods and mail fraud. 18 U.S.C. §§ 2113(c), 1341–1342.

 Appellant's principal ground for appeal is based on the trial court's denial of his motion to suppress documents linking him with the crimes of

---

* Of the Southern District of New York and the Central District of California, respectively, sitting by designation.

