STATE OF HAWAII, Plaintiff-Appellant, *v.* DAMIEN MAHONE and KEVIN MAHONE, Defendants-Appellees

NO. 9469

(CRIMINAL NO. 58285)

June 12, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

The State of Hawaii appeals the order of the trial court granting a motion to suppress evidence. The trial court concluded that the evidence had been obtained pursuant to an unreasonable search and seizure. We reverse.

I.

On December 31, 1982, two police officers were called to investigate a burglary at a high-rise building on Kuhio Avenue. One of the officers began checking the neighboring apartments to determine if any of the neighbors had seen or heard anything during the time the burglary was supposed to have occurred. The officer knocked at the door of one of the apartments and spoke with a female who identified herself as Cindy Evans, the tenant of that apartment. Evans related that she had heard nothing during the pertinent hours. While conversing with Evans at the door, the officer observed three males within the apartment. Evans identified all three and told the officer that Damien and Kevin, the Defendants-Appellees, had stayed overnight as guests in her apartment.

Upon further questioning, Evans stated that Damien and Kevin had been in and out of the apartment and had brought back with them a blue, athletic canvas-type bag. At that time Evans was advised of her rights as required by *Miranda v. Arizona,* 384 U.S. 436 (1966), and the officer continued questioning her. He also

questioned the Defendants who denied having left the apartment during the time span in which the burglary occurred. The Defendants denied having brought a bag into the apartment and also denied any ownership of a blue bag.

The three males were asked to step outside the door of the apartment and Evans was asked permission to conduct a search of the apartment. Evans' apartment was a studio, the living-bedroom-kitchenette area occupying most of the floor space. It had a separate bathroom and a small lanai. Evans consented and aided the police in conducting the search. Defendants did not object to the search being conducted, nor did they claim ownership to anything in the apartment.

During the search of the apartment, the police recovered a blue athletic bag and a cigar box, both of which contained items identified as having been stolen in the burglary. Also recovered was the kitchen knife allegedly used to gain entry into the burglarized apartments.

Defendants were arrested and charged with first degree burglary. On motion of the Defendants, the trial court held that the search of Evans' apartment violated Defendants' rights to be free from unreasonable searches and seizures, and suppressed the evidence.

## II.

The State argues that the search was nonetheless valid because Evans consented to the search. Evans, however, is a third party; she is not the one complaining of a violation of her constitutional right.

The accepted premise is that warrantless searches are invalid unless they fall within narrowly drawn exceptions. *State v. Russo,* 67 Haw. 126, 137, 681 P.2d 553, 561 (1984). It is undisputed that the search which produced the incriminating evidence sought to be suppressed in this case was conducted without a warrant.

A search conducted pursuant to voluntary and uncoerced consent by the person being searched is one of the exceptions to the warrant requirement. *State v. Merjil,* 65 Haw. 601, 605, 655 P.2d 864, 868 (1982). Such an exception is applicable only if the right to be free from unreasonable searches and seizures is waived by the

individual entitled to the right. A third party cannot waive another's constitutional right to privacy unless authorized to do so. Thus, the consent of a third party cannot validate a warrantless search unless the third party possessed authority to consent. *State v. Matias,* 51 Haw. 62, 451 P.2d 257 (1969).

Based upon *Matias, supra,* the trial court held that Evans' consent was ineffective as a waiver of Defendants' rights to be free from an unreasonable search and seizure.

The facts of this case, however, are distinguishable from *Matias.* In *Matias,* the consent to search was given by a third party who was the tenant of the apartment, but who did not share with Matias the joint use of the bedroom wherein the evidence was found. Matias had a right to expect privacy of the bedroom he occupied even from his host as he did not assume the risk that his host would permit the bedroom to be searched without his consent.

A third person can effectively consent to a search of a defendant's premises or effects if that third person has "access to the area searched, and either common authority over it, a substantial interest in it, or permission to exercise that access . . . ." *United States v. Gradowski,* 502 F.2d 563, 564 (2d Cir. 1974) (per curiam). *See United States v. Matlock,* 415 U.S. 164 (1974).

> [L]aw enforcement authorities need not seek the consent of all co-occupants before searching their commonly held property: "any of the co-inhabitants has the right to permit the inspection . . . and . . . the others have assumed the risk that one of their number might permit the common area to be searched."

*People v. Haskett,* 30 Cal. 3d 841, 856, 180 Cal. Rptr. 640, 650, 640 P.2d 776, 786 (1982) (quoting *United States v. Matlock,* 415 U.S. at 171).

In this case, there was only one main room, plus the bathroom and lanai, the use of which was jointly and commonly shared by Evans and Defendants as her guests. Evans clearly had full access to, authority over, and a substantial interest in every part of the studio apartment which accorded her the right to consent to the warrantless search of the areas jointly and commonly used by her and Defendants. In this regard, the Defendants assumed the risk that Evans might permit such a search.

We conclude that *Matias* is inapposite, and therefore, hold that the trial court erred in suppressing the evidence based on *Matias.*

We hold that under the Fourth Amendment of the United States Constitution and under Article I, Section 7 of the Hawaii Constitution, the search of the apartment conducted pursuant to Evan's consent was valid and did not violate Defendants' constitutional rights.

## III.

Although Evans' consent was effective to validate the warrantless search of the apartment in general, there is the further question of whether the consent was effective to allow the police to open the athletic bag where some of the items reported stolen were found.

Consent to search a general area will not validate the search of a specific area or item if that specific area or item is in fact surrounded by an independent privacy interest. *United States v. Buettner-Janusch,* 646 F.2d 759, 766 (2d Cir. 1981), *cert. denied,* 454 U.S. 830 (1981).

From the facts in the record, we do not conclude that Evans had equal access to, common authority over, or a substantial interest in the athletic bag. Even if the privacy interest in the bag was independent of the apartment, *cf. United States v. Poole,* 307 F. Supp. 1185 (E.D. La. 1969), nonetheless, we find no violation of Defendants' rights to be free from unreasonable searches and seizures.

The right to claim the protection of the Fourth Amendment of the United States Constitution or Article I, Section 7 of the Hawaii Constitution depends upon whether the area searched was one in which there was a reasonable expectation of freedom from government intrusion. *Katz v. United States,* 389 U.S. 347 (1967); *State v. Dias,* 52 Haw. 100, 470 P.2d 510 (1970). One has no standing to complain of a search of property he has voluntarily abandoned. *Abel v. United States,* 362 U.S. 217, 240-241 (1960).

> The basis of the principle is that upon abandonment the party loses a legitimate expectation of privacy in the property and thereby disclaims any concern about whether the property or its contents remain private. [Footnote omitted.]

*United States v. Veatch,* 647 F.2d 1217, 1220 (9th Cir. 1981).

Abandonment is primarily a question of intent, and intent may

be inferred from words spoken, acts done, and other objective facts.

*United States v. Colbert,* 474 F.2d 174, 176 (5th Cir. 1973).

Many of the federal circuits have held that a verbal disclaimer of ownership of the thing being searched constitutes an abandonment of the Fourth Amendment protection. *See, e.g., United States v. Kendall,* 655 F.2d 199 (9th Cir. 1981), *cert. denied,* 455 U.S. 941 (1982); *United States v. Miller,* 589 F.2d 1117 (1st Cir. 1978), *cert. denied,* 440 U.S. 958 (1979); *United States v. Colbert, supra.* We agree with the federal courts and hold that under the Hawaii Constitution, Article I, Section 7, the same rule of law is applicable to the facts of this case.

The Defendants were asked before the search began, whether they brought a bag into the apartment and Defendants disclaimed having any such bag and denied ownership of any bag. Further, while the search of the premises was being conducted in the nearby presence of the Defendants, Defendants voiced no protest to the search. In view of these circumstances, we hold that the Defendants abandoned any claim of ownership of the bag and any privacy interest thereto. *Cf. State v. Joyner,* 66 Haw. 543, 669 P.2d 152 (1983) (where defendant remained silent when asked by police who owned the bag, and where there were other indicia of defendant's ownership, the court found no abandonment).

IV.

We hold that the search and seizure of the evidence in question did not violate the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Hawaii Constitution.

The order of suppression of the trial court is reversed.

*Arthur E. Ross, (Thalia B. P. Murphy* with him on the briefs), Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Richard W. Pollack, (Neilani Graham* with him on the brief and joined by *Anthony H. Yusi,* for defendant-appellee *Kevin Mahone*), Deputy Public Defenders, for defendant-appellee Damien Mahone.

*Anthony H. Yusi* for defendant-appellee Kevin Mahone.