**Electronically Filed
Supreme Court
SCWC-18-0000291
16-SEP-2024
09:08 AM
Dkt. 27 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

THOMAS SCHMIDT, Petitioner/Plaintiff-Appellant,

vs.

GARY VICTOR DUBIN; DUBIN LAW OFFICES,
Respondents/Defendants/Third-Party Plaintiffs/
Third-Party Counterclaim Defendants-Appellees,

and

GARY VICTOR DUBIN; DUBIN LAW OFFICES,
Respondents/Defendants/Third-Party Plaintiffs/
Third-Party Counterclaim Defendants-Appellees,

vs.

JOHN S. CARROL,
Respondent/Third-Party Defendant/
Third-Party Counterclaim Plaintiff-Appellee.

_____

SCWC-18-0000291

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000291; CASE NO. 1CC151000482)

SEPTEMBER 16, 2024

RECKTENWALD, C.J., McKENNA, AND GINOZA, JJ.,
AND EDDINS, J., DISSENTING, WITH WHOM CIRCUIT JUDGE KAWANO,
IN PLACE OF DEVENS, J., RECUSED, JOINS

OPINION OF THE COURT BY GINOZA, J.

This appeal arises from claims asserted by Petitioner/Plaintiff-Appellant Thomas F. Schmidt (**Schmidt**) against his former attorney, Respondents/Defendants-Appellees Gary V. Dubin and the Dubin Law Offices (collectively, **Dubin**). Schmidt brought suit in the Circuit Court of the First Circuit (**Circuit Court**)[1] alleging Dubin breached contractual and other duties to represent Schmidt in a separate lawsuit (**Ruthruff Lawsuit**) and improperly kept a $100,000 retainer that Schmidt claims he paid to Dubin for future legal work in the Ruthruff Lawsuit.

The Circuit Court entered two orders granting partial summary judgment for Dubin and also awarded Dubin attorneys' fees and costs as the prevailing party. The award for attorneys' fees was based on Hawaiʻi Revised Statutes (**HRS**) § 607-14 (2016). The award for costs was based on HRS § 607-9 (2016) and Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(d)(1) (eff. 2000). The Circuit Court entered judgment in favor of Dubin and against Schmidt, including on the attorneys' fees and costs.

---

[1] The Honorable Karl K. Sakamoto presided from March 17, 2015, until the case was reassigned on January 5, 2017 to the Honorable Bert I. Ayabe.

Schmidt appealed to the Intermediate Court of Appeals (**ICA**), challenging the Circuit Court's first summary judgment ruling, regarding his claim that Dubin improperly kept $100,000 and breached contractual duties. The ICA held that summary judgment on these claims was improper, vacated the Circuit Court's judgment as to these claims, but affirmed the judgment in all other respects. Schmidt filed a motion for reconsideration, asserting the ICA should also vacate the attorneys' fees and costs award, which the ICA denied.

Schmidt's application for certiorari to this court contends the ICA erred in affirming the portion of the Circuit Court's judgment that awarded attorneys' fees and costs to Dubin, and in denying Schmidt's motion for reconsideration on this issue. Schmidt argues the ICA erred because, although it vacated summary judgment for Dubin on Schmidt's breach of contract claims, the ICA simultaneously affirmed the award of attorneys' fees and costs when Dubin was no longer the prevailing party on the breach of contract claims for purposes of HRS §§ 607-14 and 607-9 and HRCP Rule 54(d)(1).

We hold that after vacating the judgment on the breach of contract claims, the ICA erred by affirming the judgment "in all other respects," which included judgment in favor of Dubin

3

for attorneys' fees and costs as the prevailing party.  See Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawaiʻi 417, 418, 493 P.3d 939, 940 (2021) ("[W]hen a judgment upon which attorneys' fees and costs were based has been vacated, attorneys' fees and costs arising out of that judgment should also be vacated[.]").  We further hold that the ICA erred by denying Schmidt's motion for reconsideration, which expressly asserted that the attorneys' fees and costs order should be vacated.

## I.    Background

Given the allegations in Schmidt's complaint, Dubin filed two motions for partial summary judgment: one on all claims based on the alleged $100,000 debt, including Schmidt's breach of contract claims (**MPSJ #1**); and one related to claims based on HRS Chapter 480 and the Hawaiʻi Rules of Professional Conduct (**MPSJ #2**).

The Circuit Court granted partial summary judgment in favor of Dubin on MPSJ #1, concluding that Schmidt's claims based on the alleged debt were time-barred by HRS § 657-1(1) (2016) (**MPSJ Order #1**).  The Circuit Court also separately granted partial summary judgment in favor of Dubin on MPSJ #2 (**MPSJ Order #2**).[2]

---

[2]     MPSJ Order #2 was not based on statute of limitations grounds.

Subsequently, pursuant to HRS §§ 607-14 and 607-9, and HRCP Rule 54(d)(1), the Circuit Court awarded $25,000 for attorneys' fees (25% of the $100,000 sought in the Complaint) and $1,468.88 for costs to Dubin as the prevailing party, for a total amount of $26,468.88 (**Fees/Costs Order**).

On April 2, 2018, Schmidt filed a Notice of Appeal in the ICA, stating he sought review of the MPSJ Order #1 and the Fees/Costs Order. At the time Schmidt appealed, the Circuit Court had not entered a final appealable judgment. The ICA temporarily remanded the case to the Circuit Court for entry of a final appealable judgment, which was entered on November 8, 2018, and which included judgment against Schmidt and in favor of Dubin in the amount of $26,468.88 for attorneys' fees and costs (**Final Judgment**).

In his opening brief to the ICA, Schmidt argued the Circuit Court erred in granting MPSJ Order #1 and improperly dealt with statute of limitations issues. Schmidt requested that MPSJ Order #1 be vacated, the case be remanded with instructions related to the statute of limitations, and for further consistent proceedings. Schmidt did not argue the award of attorneys' fees and costs should also be vacated.

On March 28, 2024, the ICA issued a Summary Disposition Order (**SDO**) concluding the Circuit Court erred in holding that Schmidt's breach of contract claims against Dubin

5

were time-barred because genuine issues of material fact exist as to when an alleged breach of contract action accrued. Schmidt v. Dubin, No. CAAP-18-0000291, 2024 WL 1329361 (Haw. App. Mar. 28, 2024) (SDO). The SDO concluded by stating:

> For these reasons, the Circuit Court's November 8, 2018 Judgment is affirmed in part and vacated in part. The Judgment is vacated with respect to the Circuit Court's granting of summary judgment on Schmidt's breach of contract claim(s) against Dubin on the grounds that they were time-barred. The Judgment is affirmed in all other respects. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

Id. at *3 (emphasis added).

On March 28, 2024, Schmidt timely filed a motion for reconsideration requesting that the ICA reconsider the portion of its SDO affirming the Circuit Court's judgment "in all other respects." Schmidt argued that the Fees/Costs Order should be vacated because the ICA vacated MPSJ Order #1 and Dubin is not the prevailing party on the assumpsit (breach of contract) claims. The ICA denied Schmidt's motion for reconsideration.

The ICA then entered its Judgment on Appeal stating that the Circuit Court's Final Judgment is "affirmed in part and vacated in part" and "[t]his case is remanded to the Circuit Court for further proceedings consistent with the Summary Disposition Order." (Emphasis added.)

## II. Discussion

The Circuit Court's Fees/Costs Order and Final Judgment awarded attorneys' fees and costs to Dubin in the

6

amount of $26,468.88, based on Dubin being the prevailing party. The Circuit Court's Fees/Costs Order provided that the fees and costs were awarded to Dubin pursuant to HRS §§ 607-14 and 607-9, and HRCP Rule 54(d)(1). The Final Judgment, entering judgment of $26,468.88 against Schmidt and in favor of Dubin, provided that it was based *inter alia* on: MPSJ Order #1, MPSJ Order #2, and the Fees/Costs Order.

HRS § 607-14 provides, in relevant part, that for all actions in the nature of assumpsit, "there shall be taxed as attorneys' fees, to be paid by the losing party . . . a fee that the court determines to be reasonable[.]" (Emphasis added); see Deutsche Bank Nat'l Tr. Co. v. Kozma, 140 Hawai'i 494, 498, 403 P.3d 271, 275 (2017) ("A prevailing party is entitled to attorney's fees pursuant to HRS § 607-14[.]").

Regarding the amount of attorneys' fees to be awarded under HRS § 607-14, the statute states: "The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment." (Emphasis added); see also Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 307, 141 P.3d 459, 480 (2006) (holding that attorneys' fees awarded in the amount of $707,309.98 was within the statutory limits of HRS § 607-14, where the losing party had sought damages of over $7

7

million and thus the prevailing party was entitled to no more than twenty-five percent of that amount).

Here, Dubin was defending against Schmidt's breach of contract claims and prevailed in the Circuit Court. Schmidt's Complaint asserted he was entitled to recover a $100,000 retainer he had paid to Dubin. After the Circuit Court granted summary judgment for Dubin on Schmidt's contract claims, the Circuit Court awarded Dubin attorneys' fees in the amount of $25,000 ($100,000 x .25) under HRS § 607-14.

As for costs, the Circuit Court awarded Dubin $1,468.88 "incurred by [Dubin's] counsel in defense of this action[.]" (Emphasis added.) HRS § 607-9 sets out the types of costs that can be awarded. HRCP Rule 54(d)(1) provides in relevant part that: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" (Emphasis added.)

Given the statutory and rule authority relied upon by the Circuit Court, its award of attorneys' fees and costs to Dubin was grounded on Dubin being the prevailing party. Once the ICA vacated the Circuit Court's MPSJ Order #1, which addressed Schmidt's breach of contract claims, Dubin was no longer the prevailing party as to the assumpsit claims and no longer entitled to attorneys' fees under HRS § 607-14.

8

It appears the costs awarded by the Circuit Court were based on Dubin prevailing in MPSJ Order #1 (as to the breach of contract claims) as well as MPSJ Order #2 (as to the HRS Chapter 480 and malpractice claims).  To the extent the Circuit Court awarded costs to Dubin as the prevailing party on MPSJ Order #1, that basis no longer existed once the ICA vacated MPSJ Order #1.  However, to the extent the costs award was based on MPSJ Order #2, that basis remained because Schmidt did not appeal that part of the Circuit Court's rulings.[3]

Given these circumstances, after vacating MPSJ Order #1 on Schmidt's breach of contract claims, the ICA erred by then stating in the SDO that the Circuit Court's Final Judgment "is affirmed in all other respects."  The ICA affirmed the Final Judgment on the attorneys' fees and costs award to Dubin when it had just vacated the primary grounds on which Dubin had been the prevailing party in the Circuit Court.

In Yoshikawa, this court held that "when a judgment upon which attorneys' fees and costs were based has been vacated, attorneys' fees and costs arising out of that judgment should also be vacated[.]"  149 Hawaiʻi at 418, 493 P.3d at 940.  Yoshikawa applies here.  In that case, the ICA "vacated the summary judgment but affirmed the related attorneys' fees and

---

[3]     On remand, although we vacate the Fees/Costs Order, the Circuit Court may consider among other things, its costs award based on its MPSJ Order #2.

9

costs awards because [the appellant,] Yoshikawa[,] had not specifically addressed them in his appellate briefs." 149 Hawaiʻi at 418, 493 P.3d at 940. This court vacated the ICA's judgment on appeal to the extent it affirmed the circuit court's grant of attorneys' fees and costs which arose from the vacated summary judgment. Id.

Here, like in Yoshikawa, Schmidt did not directly challenge the award of attorneys' fees and costs to Dubin in his briefing to the ICA. However, he challenged the primary underlying basis that had made Dubin the prevailing party in the Circuit Court for purposes of the fees and costs award. The ICA vacated the Final Judgment to the extent summary judgment was granted for Dubin on the breach of contract claims, but then affirmed the Circuit Court's judgment "in all other respects," which effectively affirmed the attorneys' fees and costs award to Dubin.

Moreover, on the same day the SDO was filed, Schmidt filed a motion for reconsideration with the ICA, pointing out the inconsistent result due to the SDO language affirming the Final Judgment "in all other respects." Schmidt asserted the attorneys' fees and costs awarded to Dubin should also be vacated because the ICA vacated MPSJ Order #1 and Dubin was no longer the prevailing party. The ICA denied the motion for reconsideration, which is a further signal to the Circuit Court

10

on remand that the ICA intended to affirm the award of attorneys' fees and costs to Dubin.[4]

Then, in the ICA's Judgment on Appeal, it stated that the Circuit Court's Final Judgment was "affirmed in part and vacated in part[,]" and that the case was "remanded to the Circuit Court for further proceedings consistent with the Summary Disposition Order."  The ICA's Judgment on Appeal does not contain the same language affirming the Circuit Court's Final Judgment "in all other respects," but it does indicate that the Final Judgment is "affirmed in part" and then requires on remand that the Circuit Court's further proceedings be consistent with the SDO.

We conclude the ICA's SDO and Judgment on Appeal are inconsistent with Yoshikawa and would improperly preclude the Circuit Court from further addressing the $26,468.88 fees and costs award to Dubin.  It is well established that on remand, circuit courts are required "to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court[.]"

---

[4]    The denial of the reconsideration motion undercuts the Dissent's suggestion that the Circuit Court would feel free to vacate the award of attorneys' fees and costs.  On remand, Dubin would undoubtedly argue that the ICA considered and precluded that very course of action when it denied the reconsideration motion.  The ICA's rulings as a whole, including its denial of the reconsideration motion, clearly indicate it affirmed the fees and costs award.

11

Chun v. Bd. of Trs. of Emp.s' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 439, 106 P.3d 339, 362 (2005) (citation omitted); see also In re Hawaiʻi Elec. Light Co., 149 Hawaiʻi 239, 241, 487 P.3d 708, 710 (2021).

Here, given the language of the ICA's SDO, the ICA's denial of Schmidt's motion for reconsideration, and its Judgment on Appeal, the Circuit Court would be required "to comply strictly with the mandate" of the ICA on remand, which indicates that the attorneys' fees and costs award to Dubin was affirmed by the ICA. See Chun, 106 Hawaiʻi at 439, 106 P.3d at 362. This result would be inconsistent with the ICA's vacating of MPSJ Order #1, and contrary to Yoshikawa.

### III. Conclusion

Based on the foregoing, we vacate in part the ICA's Judgment on Appeal to the extent it affirmed the Circuit Court's Final Judgment awarding $26,468.88 in attorneys' fees and costs to Dubin. We also vacate the Circuit Court's Final Judgment to the extent it awarded Dubin the $26,468.88 in attorneys' fees and costs; and the Circuit Court's Fees/Costs Order.

This case is remanded to the Circuit Court for further proceedings consistent with this opinion.

Samuel P. King, Jr.
for petitioner Thomas Schmidt

Lois H. Yamaguchi
Jodie D. Roeca
for respondents Gary Victor
Dubin and Dubin Law Offices

 /s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Lisa M. Ginoza

