**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000690
13-OCT-2025
07:54 AM
Dkt. 80 SO**

NO. CAAP-22-0000690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KOA KAAKIMAKA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-21-0000224)

### SUMMARY DISPOSITION ORDER
(By: Guidry and Wadsworth, JJ., with Hiraoka,
Presiding Judge, concurring in part and dissenting in part)

Defendant-Appellant Koa Kaakimaka (**Kaakimaka**) appealed

from the "Judgment of Conviction and Probation Sentence"

(**Judgment**) entered by the Circuit Court of the Third Circuit

(**circuit court**) on October 17, 2022.[1]

---

[1]     The Honorable Robert D.S. Kim presided.

On March 8, 2021, the State of Hawaiʻi (**State**) charged Kaakimaka by Indictment with one count of Violation of Privacy in the First Degree pursuant to Hawaii Revised Statutes (**HRS**) § 711-1110.9(1)(a) (2014).[2] Kaakimaka pleaded not guilty, and the matter proceeded to a jury trial. The jury returned a guilty verdict. In October 2022, the circuit court sentenced Kaakimaka to a term of four years of probation. This appeal followed.

Kaakimaka raised six points of error on appeal, contending that: (1) the circuit court erred in denying Kaakimaka's "Motion to Dismiss Charge Due to Deficient, Insufficient, and Defective Charging Language" (**Motion to Dismiss**); (2)-(4) the circuit court erred in failing to instruct the jury as to Kaakimaka's requested definitions for "[i]nstalled or used a device in a private place" and "[p]rivate place," and on the lesser included charge of Violation of Privacy in the Second Degree pursuant to HRS § 711-1111(1)(b)

_____

[2]    HRS § 711-1110.9 provides, in relevant part,

> (1) A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:
>
> (a) The person intentionally or knowingly installs or uses, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]

(2014); (5) Kaakimaka's conviction is not supported by sufficient evidence that Kaakimaka installed or used a device in a private place; and (6) the circuit court erred in denying "[Kaakimaka's] Motion to Suppress Evidence for Illegal Search/Seizure and Warrantless Arrest" (**Motion to Suppress**).

On January 31, 2025, this court entered a summary disposition order, in which we addressed points of error (1), challenging the sufficiency of the charging document, and (5), challenging the sufficiency of the State's evidence. We concluded, by a plurality, that there was sufficient evidence in the record to support Kaakimaka's conviction, but that the charging document was insufficient.[3] Consistent with our conclusion, we vacated the circuit court's Judgment, instructed the circuit court to dismiss the Indictment without prejudice, and declined to consider the remaining points of error on appeal. Judgment on appeal was entered on April 3, 2025, and the Hawaiʻi Supreme Court accepted the State's Application for Writ of Certiorari. In a published opinion filed on August 28, 2025, the Hawaiʻi Supreme Court vacated our judgment on appeal,

---

[3]  State v. Kaakimaka, No. CAAP-22-0000690, 2025 WL 355165 (Haw. App. Jan. 31, 2025) (SDO) (Hiraoka, J., concurring in part and dissenting in part, and Guidry, J., concurring in part and dissenting in part) (plurality decision).

and remanded this case for our consideration of the remaining points of error raised by Kaakimaka.[4]

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Kaakimaka's remaining points of error lack merit. We therefore affirm the circuit court's Judgment, as follows:

(1) Kaakimaka contends that the circuit court erred by not instructing the jury that "[i]nstalled or used a device in a private place" was the "physical intrusion within the boundary of a private place by the whole physical device or with any part of the physical device." The circuit court declined to give Kaakimaka's requested definition on the basis that the requested definition was not "in the legislative history or any legal authority."

"When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read

---

[4]     Our prior summary disposition order concluded, as to point of error (1), that the charging document was insufficient, and, as to point of error (5), that there was sufficient evidence to support Kaakimaka's conviction. The State filed an application for writ of certiorari, seeking review as to our plurality ruling on point of error (1). Kaakimaka did not seek review as to our plurality ruling on point of error (5). Hence, the Hawai'i Supreme Court, in accepting the State's application for certiorari, addressed only our ruling on point of error (1). Our plurality ruling on point of error (5) therefore stands, and we address only Kaakimaka's remaining points of error (2), (3), (4), and (6) in this summary disposition order. We have renumbered these points of error as (1), (2), (3), and (4) herein.

and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Kinnane, 79 Hawaiʻi 46, 49, 897 P.2d 973, 976 (1995) (cleaned up).

We conclude that the circuit court did not err in rejecting Kaakimaka's requested definition of "[i]nstalled or used a device in a private place" -- a definition that was not supported by legal authority -- and that the omission of this requested instruction did not render the jury's instructions "prejudicially insufficient, erroneous, inconsistent, or misleading."

(2) Kaakimaka contends that the circuit court erred in failing to instruct the jury as to the following definition of "[p]rivate place":

> "Private place" means a place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance, but does not include a place to which the public or a substantial group thereof has access. A private place is withdrawn from observation from the public and cannot be visibly observed wholly or partly from outside of the place by any member of the public. A private place[] is bound by the walls, foliage, or other obstruction from any member of the public. A private place cannot have a clear window outside of which member(s) of the public are invited as that opens the place to surveillance.

The circuit court declined to give the above definition, and instead instructed the jury on the statutory definition of "[p]rivate place" -- i.e., "a place where one may reasonably expect to be safe from casual or hostile intrusion or

surveillance, but does not include a place to which the public or a substantial group thereof has access."  HRS § 711-1100 (2014).

The record does not support that the "[p]rivate place" jury instruction given by the circuit court, which tracked the statutory definition of "[p]rivate place" in HRS § 711-1100, was "prejudicially insufficient, erroneous, inconsistent, or misleading."

(3) Kaakimaka contends that the circuit court erred in failing to instruct the jury as to the lesser included offense of Violation of Privacy in the Second Degree, pursuant to HRS § 711-1111(1)(b).  "Jury instructions on lesser-included offenses must be given when there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." State v. Martin, 146 Hawaiʻi 365, 387, 463 P.3d 1022, 1044 (2020) (cleaned up).

HRS § 701-109(4) (2014) provides that,

An offense is so included when:

(a)     **It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;**

(b)     It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c)     **It differs from the offense charged only in the respect that a less serious injury or risk of injury** to the same person, property, or public interest or a

6

> different state of mind indicating lesser degree of culpability **suffices to establish its commission**.

(Emphasis added.); Martin, 146 Hawai'i at 387, 463 P.3d at 1044.

"An offense is a lesser included offense of another if it satisfies the requirements set forth in HRS § 701-109(4) which codifies the common law doctrine of lesser included offenses." State v. Kaeo, 132 Hawai'i 451, 461, 323 P.3d 95, 105 (2014) (cleaned up).

> HRS § 711-1111(1)(b) states,
>
> A person commits the offense of violation of privacy in the second degree if, except in the execution of a public duty or as authorized by law, the person intentionally:
>
> . . . .
>
> (b) **Peers or peeps into a window or other opening of a dwelling** or other structure adapted for sojourn or overnight accommodations for the purpose of spying on the occupant thereof or invading the privacy of another person with a lewd or unlawful purpose, under circumstances in which a reasonable person in the dwelling or other structure would not expect to be observed[.]

(Emphasis added.)

The evidence adduced at trial does not support that Kaakimaka physically "[p]eer[ed] or peep[ed]" -- i.e., with his eyes -- into the window of the complaining witness' (**CW**) family's vacation rental home.  The CW testified that she saw a hand holding a phone, and "a little bit of a top of a head," outside the bathroom window.  Since the evidence does not support an element of HRS § 711-1111(1)(b), the circuit court did not err by not instructing the jury as to that offense.

(4) Kaakimaka contends that the circuit court erred in denying his Motion to Suppress. "An appellate court reviews a ruling on a motion to suppress de novo to determine whether the ruling was right or wrong." State v. Hewitt, 153 Hawai'i 33, 40, 526 P.3d 558, 565 (2023) (cleaned up).

In his Motion to Suppress, Kaakimaka argued that the evidence obtained from his phone should be suppressed because he did not voluntarily show his phone to the arresting officer, Officer Landon Takenishi (**Officer Takenishi**), and the consent exception to the warrant requirement therefore did not apply.[5] Kaakimaka testified that Officer Takenishi reached into Kaakimaka's pocket to take the phone without permission.

Officer Takenishi testified that, while being questioned outside the vacation rental home, Kaakimaka himself "brought [the phone] out" and "present[ed] it to" Officer Takenishi. Officer Takenishi further testified that, while subsequently advising Kaakimaka of his rights at the police station, he asked Kaakimaka "if [Kaakimaka] would give [Officer Takenishi] permission to . . . go through [Kaakimaka's] phone," to which Kaakimaka gave his verbal and written consent.

---

[5]    The parties agree that Kaakimaka's phone was obtained without a search warrant, and that it was the State's burden to prove at the suppression hearing that there was an exception to the warrant requirement. "A search conducted pursuant to voluntary and uncoerced consent by the person being searched is one of the exceptions to the warrant requirement." State v. Mahone, 67 Haw. 644, 646, 701 P.2d 171, 173 (1985) (citation omitted).

Presented with this conflicting evidence, the circuit court found the testimony of Officer Takenishi to be "more credible than [Kaakimaka's testimony] considering both witness[es'] candor, frankness, the witnesses' respective interests in the case, the probability of the testimony, and inconsistencies in the testimony of [Kaakimaka]."

The circuit court, as the finder of fact on the Motion to Suppress, weighed the conflicting evidence presented and assessed the witnesses' credibility, and concluded that,

> 3. In this case, Officer Takenishi had reasonable suspicion to approach [Kaakimaka] and ask to see [Kaakimaka's] phone to confirm or dispel his reasonable suspicion that a crime had occurred.
>
> 4. [Kaakimaka] voluntarily showed Officer Takenishi his phone which matched the description of the phone that was reported. This did not constitute a search as [Kaakimaka] voluntarily showed Officer Takenishi his phone when he was not in custody, and was not subject to interrogation, there is no credible evidence to suggest [Kaakimaka] was coerced into showing Officer Takenishi his phone.
>
> . . . .
>
> 8. In the instant case, [Kaakimaka] was arrested after Officer Takenishi observed that [Kaakimaka's] phone matched the description that the reporting party had provided. [Kaakimaka] possessed a white-face with silver-back. At the time [Kaakimaka] was arrested, Officer Takenishi had both a subjective and objectively reasonable belief that [Kaakimaka] had committed a crime.
>
> . . . .
>
> 10. In the instant case, Officer Takenishi seized the phone from [Kaakimaka] while [Kaakimaka] was being lawfully arrested. [Kaakimaka] had already voluntarily taken out his phone to show Officer Takenishi. The phone was not in a constitutionally protected area, and therefore the phone was lawfully seized.
>
> . . . .

14. In this case [Kaakimaka] gave consent to have the police search his phone while he was in custody. [Kaakimaka] was given his Miranda rights prior to giving consent to search the phone, and the arresting officer reviewed the Hawaii Police Department Advice of Search and Seizure Rights and Consent to Search form with [Kaakimaka] which informed [Kaakimaka] that he had a constitutional right not to have a search of his property without a search warrant. Following these advisements [Kaakimaka] freely and voluntarily gave consent to search his phone without the presence of coercion.

On this record, we determine that the circuit court's findings of fact were not clearly erroneous, and that the circuit court was not wrong in denying Kaakimaka's Motion to Suppress.

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, October 13, 2025.

On the briefs:

R. Hermann Heimgartner,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

CONCURRING AND DISSENTING OPINION BY HIRAOKA, J.

I concur that the circuit court did not err by denying Kaakimaka's requested jury instructions defining "private place" and "installed or used a device in a private place"; not instructing the jury on Violation of Privacy in the Second Degree; and denying Kaakimaka's motion to suppress evidence obtained from his phone.

I respectfully dissent because I don't think we can stop there.  After holding that the charge against Kaakimaka was sufficient, the supreme court remanded for us "to address the remaining points of error on appeal."  State v. Kaakimaka, 156 Hawaiʻi 302, 313, 574 P.3d 767, 778 (2025).  Kaakimaka's contention that "the State failed to present sufficient evidence to prove beyond a reasonable doubt that Kaakimaka installed or used a device in a private place" was included in the mandate. Id. at 305 n.1, 574 P.3d at 770  n.1.

The supreme court mistakenly stated that we "did not address these additional points of error and they are therefore not raised on certiorari."  Id.  We addressed the sufficiency of evidence because we needed to decide whether to vacate the conviction with or without prejudice.  The plurality held the evidence was sufficient to support the conviction.  State v. Kaakimaka, No. CAAP-22-0000690, 2025 WL 355165, *4 (Haw. App. Jan. 31, 2025) (SDO), vacated and remanded by, State v. Kaakimaka, 156 Hawaiʻi 302, 574 P.3d 767 (2025).  I dissented. Id.  Nevertheless, we must strictly comply with the supreme court's mandate "as determined by the directions given[.]"

<u>Schmidt v. Dubin</u>, 155 Hawaiʻi 16, 21, 556 P.3d 362, 367 (2024).

In my view, nothing in the supreme court's opinion indicates

otherwise.

My opinion remains that the evidence did not support

Kaakimaka's conviction because of the way HRS § 711-1110.9 (2014)

is worded:

> (1)   A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:
>
> > (a)   The person intentionally or knowingly installs or uses, or both, ***in any private place***, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity ***in that place***[.]

(Emphasis added.)

The words "in any private place" and "in that place"

refer to a single location the defendant or recording device and

the complaining witness must both be "in" as an attendant

circumstance of the crime.

The supreme court summarized the evidence against

Kaakimaka:

> Evidence at trial indicated Kaakimaka videorecorded a young girl taking a shower by placing a phone camera in a high-up bathroom window that one cannot see through while standing on the ground.  The recording of Kaakimaka admitting to "videotaping" ***through the bathroom window*** was also received in evidence.  In closing argument, Kaakimaka's counsel conceded that there was no dispute that Kaakimaka used the phone to record ***at the bathroom window***, but argued that the statutory requirement of "in a private place" was not met because Kaakimaka "never went in the bathroom."

<u>Kaakimaka</u>, 156 Hawaiʻi at 307, 574 P.3d at 772 (emphasis added).

Kaakimaka and his phone were outside the bathroom.  His

conduct absolutely violated the laws of decency and common

courtesy, but it did not violate HRS § 711-1110.9(1)(a) because neither Kaakimaka nor his phone were ***in*** *the private place* — the bathroom — where the young girl was showering.  The legislature may wish to amend the statute to include the conduct in which Kaakimaka engaged — installing or using a device (anywhere — for example, in a ventilation shaft) to record an undressed person in a private place, without the person's consent.  As currently worded, it does not.  I would reverse the Judgment of Conviction and Sentence on that basis.

/s/ Keith K. Hiraoka
Presiding Judge